UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAURICE MACEWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01580-TWP-MJD |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| TIMOTHY AIREY, | ) | |
| KEITH FIRMIN, | ) | |
| ADRIENNE WOOLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING PRETRIAL SCHEDULE AND DISCUSSING DISCOVERY**

This Order sets the schedule for how this action shall proceed.  Part I sets forth the pretrial deadlines.  Part II discusses various aspects of discovery.  Facilitating the discovery process can be difficult, and this Order is issued in an effort to help explain and streamline the process for the parties. The parties should carefully read this Order.

**I.**
**Pretrial Schedule**

This action shall proceed in accordance with the following schedule:

A. **Initial Disclosures:  On or before July 22, 2026**

The following disclosures must be given to the opposing party, not filed with the Court.

Plaintiff shall provide the following to Defendant(s):

- Witnesses: The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows.

- Documents:  Copies of documents Plaintiff possesses which Plaintiff may use to support his claims.

- Damages:  A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

Defendant(s) shall provide the following to Plaintiff:

- Witnesses:  The names and working addresses of the persons with knowledge of the relevant incidents whom Defendant(s) may use to support their defense, along with a short description of what each person knows.

- Documents:  All documents, whether paper or electronically stored, related to Plaintiff's allegations, including, but not limited to any investigation reports.

- Written Communications:  All written and electronic communications related to Plaintiff's allegations, including, but not limited to, emails to or from Defendant(s).

- Video Evidence:  Any photographic, audio, or video recordings related to Plaintiff's allegations.

The parties are under a continuing obligation to supplement or correct the ordered disclosures as well as any discovery responses. Fed. R. Civ. P. 26(c). This means the parties must update the information they have provided as additional information becomes available.

B. **Amend Pleadings: On or before August 5, 2026**

Any party who wants to amend its Complaint, Answer, or other pleading must file the amended pleading by the above deadline. This includes adding new parties to the suit. After this deadline, a party seeking to amend a pleading must file a motion for leave to amend with the proposed amended pleading attached. If Plaintiff seeks to amend his or

her Complaint, the proposed Amended Complaint must contain all claims against all Defendants and stand complete on its own. The proposed Amended Complaint, if accepted, will replace the prior Complaint in its entirety. The motion for leave to file an Amended Complaint must explain how the Amended Complaint differs from the most recently filed Complaint and explain why it was not amended within the above deadline.

C. **Settlement Demand: On or before August 5, 2026**

Plaintiff shall serve on Defendant(s) a settlement demand, explaining on what terms or amount of money Plaintiff would agree to resolve this case without further litigation. Defendant(s) must respond in writing **within 21 days of the receipt of the demand**. Neither Plaintiff's demand nor the response by Defendant(s) shall be filed with the Court.

D. **Expert Witnesses: On or before January 6, 2027**

Each party must tell the other parties if they intend to use any testimony by expert witnesses. At that time, if a party intends to use an expert, they must give the other party(ies) either a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2)(B) for experts with regard to whom that Rule applies or a disclosure identifying the subject matter on which that witness is expected to provide expert testimony and a summary of the facts and opinions to which the witness is expected to testify, as required by Rule(26)(a)(2)(C). The other party must file a report by any rebuttal expert within 30 days.

E. **Discovery:**

If parties need additional evidence from each other, or from third-parties, companies, or entities, they may use the methods described in Federal Rules of Civil Procedure 26-37 and 45 to obtain it.  These methods are called "discovery" methods.  All discovery requests must be served on the responding party (but NOT filed with the Court) no later than **February 12, 2027**.  All Discovery must be completed by **March 12, 2027**.

F. **Motions for Summary Judgment: On or before April 9, 2027**

Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and thus the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1.

G. **Trial Date: Not currently scheduled**

If the case is not resolved by settlement, motion, or other ruling, the Court will set a trial date.

**II.**
**Discovery**

This case is entering the discovery phase, which means each party should be seeking admissible evidence to support the party's claims or defenses and preparing its case for trial. The parties should consider the following guidance and requirements before proceeding with discovery in this action.

**Extensions of Time:** Any request for an extension of time must be filed at least three full business days prior to the deadline absent extraordinary circumstances, or summary denial may result.

**Discovery Generally:** Federal Rules of Civil Procedure 26 through 37 govern discovery generally. Federal Rule of Civil Procedure 45 governs discovery from nonparties. Written

discovery to Defendant(s) includes requests for the production of documents (Fed. R. Civ. P. 34), interrogatories (written questions) (Fed. R. Civ. P. 33), and requests for admission (Fed. R. Civ. P. 36). In general, the Federal Rules give 30 days for a party to respond to discovery requests. Discovery requests and responses are not filed with the Court, unless in support of or in opposition to a motion, or as otherwise directed by the Court.

**Depositions:** Defendant(s)' oral depositions are limited to the deposition of Plaintiff, subject to a motion by the Defendants to take additional depositions. Plaintiff is not entitled to a free transcript of his or her deposition. However, Defendants must attach Plaintiff's entire deposition transcript to a summary judgment motion if Defendants rely on any part of Plaintiff's deposition testimony in their motion.

**Nonparty Subpoenas:** The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. Subpoenas should not be served on parties. If Plaintiff seeks a subpoena, Plaintiff must file a motion requesting the issuance of a subpoena. Plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure 45. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (noting that a subpoena seeking documents may be served by certified mail).

**Motions to Compel:** A motion to compel cannot be filed until a party has failed to adequately respond to a discovery request and until the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Motions to compel must be filed within 30 days of receipt of the inadequate discovery response or deadline to respond if no response was provided. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. The party filing the motion must explain exactly what information he or she seeks and

why the response was inadequate. Motions to compel must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**Additional Information:** Information for pro se individuals (those representing themselves without an attorney) may be found on the Court's website at www.insd.uscourts.gov.

**Change of Address:** The pro se Plaintiff shall report any change of address **within ten (10)** days of any change. The Court must be able to communicate with the pro se Plaintiff. If Plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

SO ORDERED.

Dated:  22 JUN 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MAURICE MACEWEN
12842 Drumdow Ln.
Fishers, IN 46037

Ada W. Dolph
SEYFARTH SHAW LLP (Chicago)
adolph@seyfarth.com

Taylor Iaculla
Seyfarth Shaw LLP
tiaculla@seyfarth.com