# COURTROOM PROCEDURES AND TRIAL PRACTICE

## BEFORE

## THE HONORABLE TANYA WALTON PRATT

July 2024

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

PROFESSIONALISM ....................................................................................................1

GENERAL MATTERS ..................................................................................................1

MOTIONS AND PRETRIAL PRACTICE ...................................................................2

      Hyperlinking / Courtesy Copies ...........................................................................2
      Summary Judgment Motions.................................................................................2
      Deposition Excerpts...............................................................................................2
      Agenda for Final Pretrial Conference ..................................................................3

TRIAL PROCEDURE / COURT HOURS AND PROMPTNESS.............................3

OPENING STATEMENTS AND CLOSING ARGUMENTS....................................4

THE VENIRE AND VOIR DIRE ..................................................................................5

FACILITIES ..................................................................................................................6

EXAMINATION OF WITNESSES...............................................................................7

OBJECTIONS TO QUESTIONS...................................................................................7

DIFFICULT QUESTIONS – ADVANCE NOTICE ....................................................8

STIPULATIONS ............................................................................................................8

DEPOSITIONS ..............................................................................................................8

EXHIBITS.....................................................................................................................10

JURY INSTRUCTIONS................................................................................................11

EXPERTS ......................................................................................................................12

JURORS.........................................................................................................................12

TRANSCRIPTS.............................................................................................................12

CRIMINAL CASES ......................................................................................................13

## INTRODUCTION

This procedure guide has been compiled for lawyers appearing before Judge Tanya Walton Pratt. Attorneys are expected to read and comply with these Practices and Procedures. Because each case is unique, Counsel may raise any concern about the appropriateness of a rule or procedure by contacting Judge Pratt's Courtroom Deputy, Sarah Haltom. Mrs. Haltom may be reached at (317) 229-3608. Judge Pratt may also alter them *sua sponte* as appropriate in a particular case.

## PROFESSIONALISM

Attorneys entering an appearance in this Court necessarily agree to comply with the Indiana Rules of Professional Conduct, as amended from time to time by the Indiana Supreme Court. L.R. 83-5(e). They also necessarily agree to comply with the Seventh Circuit Standards of Professional Conduct, L.R. 83-5(e), which are available here:

http://www.ca7.uscourts.gov/Rules/rules.htm#standards

Those standards, among other things, delineate the Circuit's and Judge Pratt's civility expectations for counsel. In the unlikely event that counsel should engage in conduct inconsistent with these rules, Judge Pratt will not hesitate to take appropriate action.

## GENERAL MATTERS

1.      Attorneys are expected to be fully familiar with the Local Rules of the United States District Court for the Southern District of Indiana and the Standards for Professional Conduct within the Seventh Federal Circuit. A copy of the Local Rules can be obtained either from the Clerk's Office or on the Internet at http://www.insd.uscourts.gov; a copy of the latter may be obtained at http://www.ca7.uscourts.gov/Rules/rules.htm#standards.

2.      All Counsel appearing before the Court must have a proper appearance on file in accordance with Local Rule 83-7. Only Counsel of record will be allowed to sit at counsel tables in the well of the courtroom.

3.      Counsel should stand when speaking for the record and when addressing the Court and should use the lectern except for brief objections during testimony.

4.      Colloquy or argument directly between attorneys is not permitted. All remarks should be addressed to the Court.

5.      Colloquy between Co-Counsel or between Counsel and parties when opposing Counsel is questioning or arguing is inappropriate if it is distracting to others.

6.      Do not exhibit familiarity with witnesses, jurors or opposing Counsel. The use of first names is to be avoided. During argument to the jury, no juror should be addressed individually or by name.

1

7.      Do not ask the reporter to mark testimony.  All requests for re-reading of questions or answers should be addressed to the Court.

## **MOTIONS AND PRETRIAL PRACTICE**

### **Hyperlinking and/or Courtesy Copies**

Attorneys may include links to cited law and previous CM/ECF filings in their documents to be filed in CM/ECF.  Hyperlinks provide quick and easy access to documents already in the record.  Information on how to hyperlink documents may be found at http://www.insd.uscourts.gov/hyperlinking-information.  Judge Pratt does prefer that hyperlinks be added to documents; however, hyperlinks are not required.  It is not necessary to submit courtesy copies to chambers.

### **Summary Judgment Motions**

If a party plans to file a motion for summary judgment, Counsel for that party shall contact Counsel for the other parties to the action to determine if any other party also plans to file a motion for summary judgment.  In the event that more than one party plans to file a motion for summary judgment, Judge Pratt prefers to avoid simultaneous briefs on "mirror image" motions.  Rather than the normal brief, response and reply for each motion, she prefers four briefs as follows on cross motions for summary judgment:

1.      Motion and Brief in Support by Party A, using the Motion for Summary Judgment event;

2.      Cross-Motion, Brief in Support and Response in Opposition by Party B, using the Motion for Summary Judgment event, NOT the Response in Opposition event;

3.      Reply in Support of Motion and Response in Opposition to Cross-Motion by Party A; using the Response in Opposition event (filer must link to the cross-motion);

4.      Reply in Support of Cross-Motion by Party B, using the Reply in Support of Motion event (filer must link to the cross-motion).

Counsel are also reminded that *"collateral motions in the summary judgment process, such as motions to strike, are disfavored.  Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs."*  L.R. 56.1(f).

### **Deposition Excerpts**

Whenever a party relies upon a deposition excerpt to support or oppose a motion, the party should cite to the specific page and line numbers of deposition.  The party should provide the relevant excerpts—and the three pages immediately preceding and following each excerpt—as an exhibit.

**Agenda for Final Pretrial Conference**

1.      Review of witness lists to determine who will testify and the subject of their testimony.

2.      Review of exhibit lists and discussion of authenticity, admissibility and objections. Bring one copy of proposed exhibits to conference.

3.      Motions in *limine*.

4.      Other pending motions.

5.      Discussion of status of settlement / whether plea offer has been made, relayed, and rejected.

6.      Discussion of length of *voir dire*, opening statements and closing arguments.

7.      General discussion of Preliminary Instructions and Joint Issue Instruction or charging Indictment.

8.      Discussion of testimony that will be offered by way of deposition (objections).

9.      Stipulations.

10.    Separation of witnesses.

11.    Use of Court's Video Evidence Presentation System ("VEPS").

## TRIAL PROCEDURE

## COURT HOURS AND PROMPTNESS

1.      The usual trial schedule begins at 9:00 a.m. and continues after a convenient midmorning break (of approximately ten minutes) until at or near noon. Lunch is usually one hour, but may be less. After the lunch break, the afternoon session normally continues until approximately 5:00 p.m. with a mid-afternoon recess of approximately fifteen minutes. Times to recess and adjourn may vary slightly, to permit the conclusion of a witness' testimony, to allow Counsel to finish with direct or cross-examination, or if the Court must attend to other business. The Court does not like to hold doctors and other non-party professional witnesses over for testimony on the following day. The Court will make every effort to conclude a professional witness' testimony on the day that he/she is scheduled. Counsel should alert the Court to any circumstance when any witness, by necessity, will be held over until the next day.

2.      The Court makes every effort to commence proceedings at the time set. Promptness is expected from Counsel and witnesses. Counsel should be in the courtroom at least 15 minutes prior to the start of each day's proceedings and 30 minutes prior to the start on the first day of trial as the Court may want to meet with Counsel. Never be late. (Note: The Court

3

may resume a jury trial after a break without a party, if parties fail to return within the prescribed time.) The Courtroom Deputy should be informed of any anticipated scheduling problems, and the Court will attempt to work with Counsel to resolve them.

3.      If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when Court is resumed.

4.      If the conclusion of a witness' testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when the trial resumes.

5.      If a witness' testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

6.      Do not run out of witnesses.  If there is a substantial delay between witnesses, the Court may deem that you have rested.

7.      The Court attempts to cooperate with the schedules of doctors and other non-party professional witnesses and will consider permitting them to testify out of sequence. Anticipate any such possibility and discuss it with opposing Counsel and advise the Courtroom Deputy.  If there is an objection, advise the Courtroom Deputy in advance.

## OPENING STATEMENTS AND CLOSING ARGUMENTS

1.      Counsel should stand at the lectern during the opening statement and closing argument.

2.      The Court will honor Counsel's reasonable requests concerning the amount of time for opening statements and closing arguments.  These limits will ordinarily be set in the final pretrial conference.

3.      When the Court says "two minutes remain" for your opening or closing to the jury, that means your time has expired, so conclude as soon as possible or you will be cut off.

4.      During the argument of opposing Counsel, remain seated at the Counsel table and be respectful.  Never divert the attention of the Court or the jury.  Counsel should instruct their clients and witnesses of the same.

5.      If you intend to use during opening statement an exhibit as to which admissibility has not been stipulated, raise the matter in advance with the Court and opposing Counsel.

6.      Confine opening statements to what you expect the evidence to show.  It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express Counsel's personal opinion.

7.      If plaintiff is going to suggest a damages number to the jury, that number must be stated in the opening segment of plaintiff's closing argument so defendant has an opportunity to respond.

4

8.      Although plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

9.      Jurors' comments after trials have indicated that they resent long closing arguments. Be brief.

## THE VENIRE AND VOIR DIRE

1.      A list of the venire and copies of questionnaires which the venire have completed will be available to Counsel after 12:00 noon, the Friday before the trial starts.  The questionnaires will be released to Counsel of record only.  As soon as the jury has been chosen, the questionnaires must be returned to the Courtroom Deputy.

2.      In civil and criminal cases fourteen prospective jurors will be seated in the jury box (and in the front row of the gallery) based on their order of draw number.  The prospective juror with the lowest order of draw number (juror number one) will be seated in the first row of the jury box, closest to the bench; the prospective juror with the eighth lowest order of draw number (juror number eight) will be seated in the top row of the jury box in the seat closest to the bench.  The remainder of the venire beyond the first fourteen will be seated in the first row of the gallery based on their order of draw.  In the event the first fourteen prospective jurors expected to appear do not appear, those seats in the jury box may be filled by prospective jurors with the next highest order of draw numbers.  In civil cases, voir dire ordinarily will be conducted of all prospective jurors at the same time.

3.      A seating chart will be available the morning of trial.

4.      The Court will initiate and conduct the first part of the voir dire.  Pursuant to the Court's scheduling orders, Counsel may submit before trial any questions they would like the Court to ask.

5.      After the Court concludes its voir dire, Counsel may have a brief opportunity (up to fifteen minutes per side) to question the panel.  Counsel conducting voir dire should do so standing at the lectern.

6.      Examples of inappropriate voir dire:

a.      Argument.

b.      Asking jurors if they will be able to enter a verdict of so many dollars.

7.      In civil cases, each side will be entitled to a minimum of three peremptory challenges.  On a case by case basis, depending on the number of prospective jurors summoned and the number of prospective jurors excused for cause, additional peremptory challenges may be granted. When all challenges have been completed and there remain more prospective jurors than required, the appropriate number of prospective jurors will be chosen from those with the lowest order of draw numbers.

5

8.    In criminal cases, the Government will be entitled to six peremptory challenges; the defense will be entitled to ten peremptory challenges; plus any additional challenges for alternate jurors pursuant to Fed. R. Crim. P. 24.

9.    All peremptory challenges will be exercised simultaneously and in writing.

10.    In civil cases, the Court will ordinarily seat a jury of seven members.  However, in certain cases, based upon the expected length of the trial, additional jurors may be seated.  There are no alternate jurors in civil cases; all jurors selected will participate in deliberations.

## FACILITIES

1.    Counsel should advise their clients and witnesses to avoid lingering in the hallway outside the courtroom before, during and after trial each day.  All efforts should be made to avoid contact with any selected or potential juror.

2.    Certain audio-visual equipment may be made available to Counsel for use in the courtroom during trial.  If Counsel wish to use the Video Evidence Presentation System owned by the Southern District of Indiana, Counsel should contact the Courtroom Deputy at least three weeks prior to the start of the trial.  Any equipment Counsel wishes to bring in from the outside should also be coordinated in advance of trial through the Courtroom Deputy.  If someone other than Counsel of record intends to display evidence with the Video Evidence Presentation System, Counsel should contact the Courtroom Deputy three weeks prior to the trial or hearing.

3.    A witness room will be made available, and witnesses should report to the witness room.

4.    The facilities of the chambers, including the telephones and the copier, are not available to Counsel during trial.  Counsel should enter chambers and the jury room only by invitation of the Court staff.

5.    Electronic devices may be used outside the courtroom but must be turned <u>off</u>—not on silent or vibrate—inside the courtroom.

6.    The courtroom will be unlocked at least 30 minutes prior to the start of proceedings and will be locked overnight.  The courtroom will not be locked during the noon recess, unless by agreement of all parties.

7.    Except for bottled water, food and drinks are not allowed in the courtroom.  If Counsel would like to bring bottled water into the building for use during trial, arrangements may be made through the Courtroom Deputy.

## EXAMINATION OF WITNESSES

1.      Witnesses will be treated with appropriate fairness and consideration.  They will not be shouted at, ridiculed, or otherwise abused.

2.      Counsel should conduct examination of witnesses from the lectern.

3.      Counsel should avoid questions that:

      a.      begin "It is my understanding that . . .," or "Do I understand correctly that . . . .,"

      b.      recapitulate the witness' testimony;

      c.      ask a witness for a "best guess" or other obvious speculation;

      d.      contain preparatory remarks, such as summarizing what was stated in opening statements, what other witnesses have said, or what is contained in exhibits;

      e.      ask if the witness agrees with Counsel, with some other testimony, or to some fact stated by Counsel;

      f.      are negative.

4.      Avoid responding to answers with editorial comments of approval or disapproval.  Such responses are likely to draw a prompt rebuke from the Court without a private warning.

5.      When the purpose of approaching the witness is to work with an exhibit, prior permission of the Court need not be sought.  During a jury trial, the witness and the exhibit (if enlarged) should be facing the jury so that you can be seen and heard.  Counsel should resume the examination of the witness from the lectern when finished with the exhibit.

6.      When the trial begins, please provide the Court and the Court Reporter with a list of witnesses you expect to call.  Please attempt to have the correct spellings for the Court Reporter.

7.      Have <u>all</u> witnesses spell their names on the record.

8.      The Court may allow jurors to submit questions.  If so, jurors will prepare written questions. The Court will review the questions and ask Counsel for objections outside the hearing of the jury.  The Court will then ask the permitted questions and Counsel will be allowed to ask additional questions of the witness based on the answers to the jurors' questions.  The identity of the juror asking a particular question will not be disclosed.

## OBJECTIONS TO QUESTIONS

1.      Stand when making objections.  This calls the Court's attention to you and allows you to be heard more readily.

2.      When making an objection, state only that you are objecting and specify the ground or grounds for that objection.

3.      Do not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

4.      Unless the ruling is obvious, the Court will ordinarily ask for a brief response from opposing Counsel.  Further argument on the objection will not be heard until permission is given or argument is requested by the Court.

5.      Where more than one attorney appears for a given party, the attorney who handles the direct examination of a witness shall also interpose objections when the witness is being examined by other Counsel.  The attorney who will cross-examine a witness shall interpose any objections during direct testimony.

## DIFFICULT QUESTIONS – ADVANCE NOTICE

If Counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, Counsel should confer and attempt to resolve the matter.  If agreement is not possible, give advance notice to the Court to allow for appropriate scheduling arrangements to be made.

## STIPULATIONS

1.      Exhibits admitted into the record will be given to the jury during deliberations.  Only admitted exhibits should be displayed to the jury.  An exhibit is not considered admitted, until and unless the Court admits the exhibit on the record in front of the jury.

2.      Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged, but expected.

3.      The preferred exhibit stipulation for **jury trials** is that exhibits are admissible and may be used at any place in the trial.

4.      The preferred exhibit stipulation for **court trials** is that exhibits are admissible and may be used at any place in the trial.

5.      It is not necessary to file *proposed* stipulations.  Only stipulations approved by both parties should be filed.

## DEPOSITIONS

1.      Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial.  This matter will ordinarily be addressed in pretrial conference.

8

2.      Where a deposition is to be read for impeachment purposes, the relevant excerpts must be identified orally for the record by line and page reference.  Before using portions of depositions for impeachment, Counsel should ordinarily allow the witness to read them after the identification has been made for the record.  A deposition used for impeachment need not be filed or marked as an exhibit.

3.      Confer with opposing Counsel to edit depositions to be used at trial, and remove unnecessary material.  This also applies to video depositions.

4.      If a deposition is to be read at trial, those portions to be read shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial.  However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5.      If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6.      If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box.  Counsel seeking to use the deposition shall read the selected questions, and the witness in the box shall read the answers of the deposed witness to those questions.

7.      If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, Counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8.      The parties should stipulate, if possible, that the reading of depositions not be taken by the reporter.

9.      Summaries of deposition transcripts are acceptable only by stipulation.

10.     Medical experts who routinely examine and treat patients in their practices and who have been deposed in a particular case will be presumed by the Court to be "unavailable" for in-court testimony pursuant to Fed. R. Civ. P. 32(a) (3) so that their deposition testimony may be offered into evidence at trial in that case by any party.  This presumption also applies to treating health care providers even if their deposition testimony is being offered on firsthand observations rather than as expert opinion.  The purpose of this presumption is to avoid the inconvenience and delay to jurors, health care providers and their patients caused by the scheduling of in-court trial testimony.  If a party objects to the application of this presumption and the admissibility of deposition testimony instead of in-court testimony from such a witness, a written objection to the presumption, containing a showing of good cause why the admission of deposition testimony only from that witness would be prejudicial, must be filed at least 30 days before the trial date.  A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32(a) (3) that the deposition testimony ought to be admitted.

9

## **EXHIBITS**

1.      Exhibits should be marked for identification before trial and a descriptive list provided to the Court and the Court Reporter.

2.      All exhibits should be identified by number only (for example, "Exhibit 1" and not "Plaintiff's Exhibit 1").  Counsel shall confer and agree from the commencement of discovery on a numbering system that will avoid confusion and duplication.  It is recommended that the parties utilize a numbering system in which the first deposition exhibit is marked No. 1 and so on up to No. 8, for example, for the last one.  The first exhibit in the second deposition should be marked No. 9 and so on.  Thus, for example, the employment contract would be the same exhibit with the same number for all depositions.  Then, the same exhibit numbers would be used for trial purposes. Numbers for trial exhibits need not be consecutive.

3.      Unless the introduction of exhibits is governed by Stipulations, paragraph 2 or 3 on page 9, Counsel should move the admission of stipulated exhibits at the beginning of trial.  If neither of these procedures is used, exhibits should be offered in evidence when they become admissible, rather than at the end of a witness' testimony or Counsel's case.

4.      Counsel shall provide the Courtroom Deputy with three copies of their trial exhibits the Friday prior to trial.  The exhibits should be in binders with tabs indicating the exhibit number.  This practice might not be necessary when some exhibits are too bulky or if there are other reasons not to use individual copies.  This subject will be discussed at the final pretrial conference.

5.      During the trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks.  Each Counsel is responsible for exhibits taken from the table or the witness stand.  At each recess or adjournment, return all exhibits to the table or witness stand.  Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the Courtroom Deputy.

6.      Each Counsel shall keep a list of admitted exhibits.  Counsel and the Courtroom Deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury.  Controlled substances, currency, firearms, or other dangerous materials are generally not sent with the jury; Counsel are asked to substitute photographs.

7.      If an exhibit must be marked for identification in open court, Counsel should state for the record what they are doing and describe briefly the nature of the exhibit.  Counsel should not expect the Court to provide exhibit labels.

8.      Ordinarily, exhibits admitted into evidence may be displayed to the jury at the time of admission or in conjunction with other exhibits at the conclusion of the witness' examination by the "offering" Counsel, but permission of the Court should be sought before doing so.

9.      When Counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

10.      Where maps, diagrams, pictures, or similar materials are being used as exhibits,

10

and locations or features on such documents are being pointed out by witnesses or Counsel, such locations should be indicated by appropriate markings on the documents if they are not readily apparent from the exhibits themselves. Unnecessary markings should be avoided. Marking on exhibits should be made only after considering the views of opposing Counsel and only after receiving the Court's permission. Counsel should then describe the markings for the record. Exhibits with overlays or with moveable parts have been very useful.

11.     Where Counsel expect to offer answers to interrogatories or requests for admissions extracted from several separate documents, prepare copies of the individual materials rather than thumbing through extensive files while the Court and the jury wait for Counsel to locate the particular items. The copies should only be the particular interrogatory or request to admit together with the caption and signature page. These materials should ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

12.     All exhibits other than those on 8½" x 11" or 14" x 11" paper will be returned to the parties at the end of the proceeding unless the Court specifies otherwise. Parties will be responsible for delivering them to the Court of Appeals if and when necessary.

13.     For all documents not in notebooks, but which may be admitted into evidence, have appropriate number of copies available on three hole punched paper, so that if admitted, the exhibits may be distributed to the jury, the Court, opposing Counsel and the Courtroom Deputy for inclusion in the notebook or notebooks kept at the witness stand.

14.     If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and the numbering thereof is not consistent with the numbering system used at trial, a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits to which reference may be made at trial should be utilized.

15.     If over-sized exhibits or models are to be used, Counsel need to make arrangements with the Courtroom Deputy at least two weeks before start of trial.

16.     Be sure there is a proper line of sight for the jury, Court, witness, and Counsel when using easels, over-sized exhibits, and models.

## JURY INSTRUCTIONS

1.     Electronically file and serve proposed jury instructions pursuant to the pretrial orders. Shortly before you submit your instructions, Counsel may obtain from the Courtroom Deputy a copy of recent instructions so that Counsel may focus on the substantive instructions.

2.     Counsel shall confer and file a joint set of final jury instructions. A single document comprising all proposed instructions should be filed. The document should contain the proposed instruction, Plaintiff's objection (if any), Defendant's objection (if any), and then the next instruction. Counsel shall also confer and submit a joint issue instruction included in this document. Any questions should be addressed to the Courtroom Deputy.

11

3.      Each tendered instruction must include a citation to the authority on which Counsel rely.

4.      The Court will convene an instructions conference at an appropriate time, generally near the conclusion of all the evidence.  The conference will be held at the end of a day or early in the morning or at the conclusion of all testimony, depending on the circumstances of the particular case.  The Court will provide a draft to Counsel and the conference will be held on the record to discuss objections.

5.      Final instructions will be given in advance of closing arguments, so Counsel may, if they wish, incorporate the instructions into their closing arguments.

6.      The preliminary and final instructions are displayed on the Court's VEPS system so that jurors and Counsel may follow along while the Court reads the instructions.  Each juror is given a copy of the preliminary and final instructions during their deliberation.

## EXPERTS

Counsel must establish qualifications; thereafter, the Court will designate and declare whether a witness is an expert.

## JURORS

1.      Jurors are permitted to take notes in notebooks and their notebooks accompany them during their deliberations.

2.      Jurors expect Counsel to look at the witness to whom a question is directed and not to look at the jurors.

3.      Jurors' comments after trials have indicated that they do not appreciate Counsel staring at them during the actual trial.

## TRANSCRIPTS

1.      Parties desiring daily transcript of testimony must make their own arrangements, at least two weeks in advance of the start of the trial, directly with the Court Reporter.

2.      Parties desiring a transcript of court proceedings must make their own arrangements with the Court Reporter preferably before the start of the particular proceeding.

3.      On the Friday before trial Counsel shall provide the Court Reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a generic spell check.

12

## CRIMINAL CASES

To allow the Court time to prepare, all sentencing memorandums should be filed no later than one week prior to the scheduled sentencing hearing. All submissions of letters in support of a defendant for purposes of sentencing should be filed by Counsel in CM/ECF.