**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CAPTAIN MAURICE MACEWEN,**<br>Plaintiff,<br>v.<br>**AMERICAN AIRLINES, INC.,**<br>Defendant. | Case No. 1:25-cv-01580-TWP-MJD<br>Judge Tanya Walton Pratt<br>Magistrate Judge Mark J. Dinsmore |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT IV OF THE SECOND AMENDED COMPLAINT**

American Airlines, Inc. ("American") submits this Reply and asks the Court to dismiss Plaintiff's Count IV for Intentional Infliction of Emotional Distress ("IIED") with prejudice. Plaintiff's Response confirms what Defendant's motion to dismiss demonstrated: after three attempts, Plaintiff still does not allege the intent Indiana requires, and he still does not describe conduct that any court would find extreme and outrageous. Instead, Plaintiff asks the Court to accept his standards and characterizations of "leverage," "vulnerability," and "near certainty" as a substitute for the facts the tort demands. The law does not permit that substitution or Plaintiff's attempt to establish an IIED claim for workplace disagreements. Plaintiff's IIED claim should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's Pleading Confirms American Did Not Possess the Requisite Mental State

Indiana anchors the IIED tort in one exacting mental state: "It is the intent to harm one *emotionally* that forms the basis for the tort." *Bradley v. Hall*, 720 N.E.2d 747, 752 (Ind. Ct. App. 1999) (emphasis added). That standard leaves a plaintiff only two ways to plead the element. He must allege that the defendant *aimed* to inflict emotional injury, or that the defendant *knew* such injury was *certain* to follow. *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind.

1994). Nothing less will do. *See George v. Republic Airways*, 2021 U.S. Dist. LEXIS 50124, at *14 (S.D. Ind. Mar. 17, 2021) (allegations of "sinister targeting" undertaken to force an employee out do not satisfy the tort where the defendant aimed at some other objective).

Plaintiff's Second Amended Complaint forecloses either path. He does not allege that American set out to cause him emotional harm. Rather, he alleges the opposite. By his own account, American administered FAA monitoring, confirmed a medical restriction, answered a federal agency's inquiry, and documented his attendance, and distress trailed those decisions as a byproduct. (SAC ¶ 132.) At their core, Plaintiff's allegations concern the fact that as a pilot for American, his employment was regulated by the FAA and he was required to hold a valid First Class Medical License. Notably, his Second Amended Complaint contains no allegation that he actually suffered any increased licensing obligations as a result of American's purported conduct. (*See generally id.*) Rather he confirms the opposite: that following American's reports to the FAA, he became subject to *less* FAA monitoring. (*Id.* ¶ 86.) Thus, Plaintiff's "harm" to support his IIED claim is simply his outsized fear that he may, at some point, possibly, be subject to "increased monitoring" as a result of American's conduct. (*Id.* ¶ 133–34.) Plaintiff's speculative fears, however, do not excuse him from, nor satisfy, his burden of pleading that American intended to cause him severe emotional distress, because conduct undertaken to accomplish a legitimate end does not carry the purpose *Bradley* requires, and *Republic Airways* forecloses any argument that collateral emotional consequences supplies it.

Plaintiff's recklessness fallback likewise fails as pled. Plaintiff does not allege that harm was certain; he alleges "reckless disregard of the *near* certainty" of distress. (SAC ¶ 132.) That qualifier is a concession, and a fatal one. "Near" certainty is, by definition, not certainty, and *Robinson* demands certainty, not simply a high probability of harm as Plaintiff describes. 2012

WL 6197150, at *5-*6. Plaintiff therefore pleads himself out of the element twice over: he tells the Court both that American acted for other reasons *and* that the feared harm fell short of certain. Because conduct that is tortious, malicious, or even criminal still does not meet Indiana's intent standard, an allegation that stops short of certainty falls well beneath it. *Holbrook v. Lobdell-Emery Mfg. Co.*, 219 F.3d 598, 602 (7th Cir. 2000). The intent element fails, and Count IV fails with it.

## II. Plaintiff's Characterizations Are Not "Facts" Capable of Supporting His Claim.

Plaintiff's Response leans on conclusory characterizations—"weaponized," "coercive," "outcome-affecting"—but adjectives do not satisfy Rule 8. A plaintiff must plead facts, not "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Yeatts v. Zimmer Biomet Holdings, Inc.*, 2017 WL 1375117, at *5 (N.D. Ind. Apr. 17, 2017) (dismissing an IIED claim resting on conclusory labels); *Robinson v. Lake Minnehaha Owner's Ass'n*, 2012 WL 6197150, at *6 (N.D. Ind. Dec. 12, 2012) (dismissing IIED claim, as the court could not accept 'abstract recitations of the elements of a cause of action' and 'conclusory legal statements' to support the claim). Indiana sets a demanding threshold: liability attaches only where conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Bradley*, 720 N.E.2d at 753. And courts have long recognized that plaintiffs face an uphill battle pursuing this tort in the employment setting, where recovery is "rarely" available. *Schmees v. Hc1.Com, Inc.*, 2020 WL 708037, at *5 (S.D. Ind. Jan. 12, 2020) (noting plaintiffs "generally cannot prevail . . . when the employer believed that []he was not meeting its standards").

Measured against the conduct Indiana courts have required for an actionable IIED claim, Plaintiff's allegations do not even come close. *See Cortezano v. Salin Bank & Tr. Co.*, 680 F.3d 936, 941 (7th Cir. 2012) (dismissal of IIED claim where employer accused plaintiff of fraud,

shouted profanities in her face, and "blacklisted" her from obtaining other employment); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (no cognizable claim despite a "continuous series" of discriminatory acts, including vandalizing the plaintiff's car and eavesdropping on her calls)[1]; *Solomon v. Wardlaw Claim Serv., LLC*, No. 4:17-CV-92, 2018 WL 3715690, at *6 (N.D. Ind. Aug. 3, 2018) ("In Count V of the Complaint, [plaintiff] alleged that [defendant] punished her for protecting female employees from sexual harassment, criticized her many accomplishments, and intentionally destroyed her successful career. [Plaintiff] has not cited any case authority to support her contention that the conduct alleged would amount to outrageous."); *Ellis v. CCA of Tenn., LLC*, 2010 WL 2605870, at *8 (S.D. Ind. June 21, 2010) (holding the plaintiff could not establish a viable IIED claim where employer imposed unfavorable work assignments, subjected plaintiff to shift changes, and issued unwarranted discipline); *Cullison v. Medley*, 570 N.E.2d 27 (Ind. 1991) (no actionable IIED claim where the defendant entered a man's home with a gun, threatening him, despite knowing the plaintiff feared firearms); *but see Bradley*, 720 N.E.2d, at *752 (cognizable IIED claim where plaintiff's supervisor "harassed her, shouted at her and criticized her in front of other employees," "inquired about [her] menopause," and asked if [her] husband was sexually impotent due to his diabetes).

Indeed, Plaintiff's claim is most similar in both character and degree to *Hillesheim v. AndyMark, Inc.*, 2020 WL 3642506, at *5–*6 (S.D. Ind. July 6, 2020). *Hillesheim* concerned a recovering alcoholic who alleged that his employer broke its promises, fought his unemployment benefits, misrepresented facts about him to prevent him from accessing benefits, and fired him. *Id.*

---

[1] Plaintiff's Response objects to *Harriston* on the basis that it analyzed Illinois law. However, it is understood that "Illinois law regarding the tort of intentional infliction of emotional distress is analogous to Indiana law." *See Neal v. Rock-Tenn Co.*, No. 1:03CV0801, 2005 WL 1939955, at *11 n.8 (S.D. Ind. April 20, 2005) ("Illinois law on intentional infliction of emotional distress is similar to Indiana law as both require extreme and outrageous conduct.").

Yet, the Court still dismissed his IIED claim for failure to state a claim. *Id.* American's conduct does not even reach the threshold described in *Hillesheim*, necessitating the dismissal of Plaintiff's claim. *See id.*

Plaintiff concedes he continues to be an active pilot for American. (SAC ¶ 11.) If terminating a recovering alcoholic after misrepresentations (as in *Hillesheim*) is not outrageous, then certainly scheduling monthly meetings, documenting a missed one, and asking to see a first class medical certificate cannot be. *See also Kluge v. Brownsburg Cmty. Sch. Corp.*, 432 F. Supp. 3d 823, 852 (S.D. Ind. 2020) (dismissing an IIED claim where the employer enforced a policy the plaintiff disliked). Plaintiff's effort to dress these events up does not alter their character. Furnishing information to the TSA about an applicant seeking authority to carry a firearm in the cockpit, entering a rebuttable note in a personnel file, and verifying that an FAA restriction had in fact been lifted are ordinary incidents of managing a commercial pilot—not conduct "utterly intolerable in a civilized community." *See Bradley*, 720 N.E.2d at 753.

## CONCLUSION

Plaintiff has now pleaded his IIED claim three times, each time on the same core facts, and each time without the intent or the outrageousness the law requires. The Court already told him what was missing; his amendments supply new adjectives, not new facts. When a plaintiff cannot cure a claim despite repeated chances, dismissal with prejudice is the appropriate result. *Cella v. Lilly USA LLC*, No. 1:24-cv-00814-TWP-MKK, 2025 WL 460953, at *4 (S.D. Ind. Feb. 11, 2025) (Pratt, J.). Because no further repackaging can transform American's lawful management of a monitored pilot into outrageous conduct, leave to amend would be futile. American respectfully requests that the Court dismiss Count IV of the Second Amended Complaint with prejudice.

DATED: September 1, 2026

Respectfully submitted,

By: */s/ Ada W. Dolph*
Ada W. Dolph

Ada W. Dolph
adolph@seyfarth.com
Taylor C. Iaculla (*admitted pro hac vice*)
tiaculla@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendant*
*American Airlines, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 1, 2026, she caused the foregoing to be filed via the Court's CM/ECF filing system. The undersigned further certifies that on September 1, 2026, she caused the foregoing to be served via electronic mail on the following:

Captain Maurice MacEwen
12842 Drumdow Ln.
Fishers, Indiana 46037
Phone: 386-295-5463
mauricemac7@hotmail.com

*/s/ Ada W. Dolph*
Ada W. Dolph